IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| BETTY DAVIS, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No.: 3:11-CV-129 (CAR) |
| v. : | |
| : | |
| WAL-MART STORES, INC., : | |
| : | |
| Defendant. : | |

### ORDER ON MOTION TO CONSOLIDATE

Currently before the Court is Defendant Wal-Mart Stores, Inc.'s Motion for Consolidation and Mandatory Joinder [Doc. 20]. Plaintiff Betty Davis has two almost identical premises liability cases currently pending in this Court – *Davis v. Wal-Mart Stores, Inc.*, Case No. 3:11-CV-129 (CAR) and *Davis v. Wal-Mart Store East, L.P.*, Case No. 3:12-CV-122 (CAR). Having reviewed the Motion, Plaintiff's response, and the relevant law, the Court finds these two cases clearly involve common questions of law and fact. Therefore, the Court **GRANTS** Defendant's Motion [Doc. 20] and **ORDERS** the two cases to be **CONSOLIDATED** pursuant to Fed. R. Civ. P. 42(a). Consolidating these cases makes Plaintiff's pending Motion to Dismiss moot, and thus, that Motion [Doc. 17] is hereby **DENIED as moot**.

BACKGROUND

On August 24, 2011, Plaintiff filed her original pending civil action in the Superior Court of Walton County, Georgia, against Defendant Wal-Mart Stores, Inc. ("Wal-Mart Inc."), alleging she sustained significant injuries as a result of being struck by a malfunctioning motorized shopping cart while shopping with her husband at Wal-Mart Store #780 in Walton County, Georgia, on July 23, 2010.   On September 9th, 2011, Wal-Mart Inc. timely removed the action to this Court.   After discovery ended, on May 21, 2012, Wal-Mart Inc. filed a motion for summary judgment which is currently pending in this case.

On July 23, 2012, Plaintiff filed a second civil action in the State Court of Gwinnett County, Georgia, against Defendant Wal-Mart Stores East, L.P. ("Wal-Mart East"), alleging the same injuries, from the same incident that occurred on July 23, 2010, at the same Wal-Mart store in Walton County, Georgia. Wal-Mart East removed that case to the Northern District of Georgia, and the Northern District transferred the case to this Court.   Thereafter, Wal-Mart Inc. filed the current Motion to Consolidate the two cases.

ANALYSIS

Rule 42(a) affords a district court authority to order multiple actions consolidated "[w]hen actions involving a common question of law or fact are pending before the

court."[1]  The Eleventh Circuit has explained that consolidation pursuant to Rule 42(a) "is permissive and vests a purely discretionary power in the district court."[2]  In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated.[3]

This Court has reviewed the Complaints in these two actions and readily confirms that they encompass common questions of law and fact; that consolidation would promote the interests of judicial economy, efficiency and convenience; and that consolidation would not appear likely to yield any countervailing inconvenience, delay, prejudice or expense for the Court or the litigants.   Plaintiff's personal injury claims in both cases arise out of the same July 23, 2010 incident, at the same Wal-Mart store in Monroe, Georgia, and Plaintiff uses the same Wal-Mart employee witnesses, the same damages witnesses, and many of the same theories of liability. Although Plaintiff names two different defendants, it is clear the Complaints describe the exact same defendant – the Wal-Mart entity that controlled and operated Wal-Mart Store No. 780 in Monroe, Georgia which employed the associates whose alleged negligence is at issue in both of

---

[1] Fed. R. Civ. P. 42(a).
[2] *Young v. City of Augusta,* 59 F.3d 1160, 1168 (11th Cir.1995) (quoting *In re Air Crash Disaster at Florida Everglades,* 549 F.2d 1006, 1013 (5th Cir.1977)).
[3] *See Hendrix v. Raybestos-Manhattan, Inc.,* 776 F.2d 1492, 1495 (11th Cir.1985).

these actions. It is equally clear that the correct Wal-Mart entity is Wal-Mart East. Thus, the Court exercises its discretion and consolidates these two cases.

## CONCLUSION

As explained above, Defendant's Motion to Consolidate [Doc. 20] is **GRANTED**, and thus, Plaintiff's pending Motion to Dismiss [Doc. 17] is hereby **DENIED as moot**.

Pursuant to Fed. R. Civ. P. 42(a), the Court hereby **ORDERS** that *Davis v. Wal-Mart Stores, Inc.*, 3:11-CV-129-CAR, be **CONSOLIDATED** into *Davis v. Wal-Mart Stores East, L.P*, 3:12-CV-122-CAR and that case 3:11-CV-129, be **ADMINISTRATIVELY CLOSED**. To avoid any confusion, and given that 3:11-CV-129 will henceforth be a closed file, the parties are **ORDERED** not to include the caption of 3:11-CV-129 in any future filings in this action and not to file any pleadings directly in 3:11-CV-129. Rather, all future filings in these consolidated proceedings should be made exclusively in 3:12-CV-122.

**SO ORDERED.** This 2nd day of November, 2012.

                                            S/   C. Ashley Royal
                                            C. ASHLEY ROYAL
                                            UNITED STATES DISTRICT JUDGE

SSH